UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEE BENEFITS FUND,** *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED MILL AND CABINET CO.,** *et al.*,<br><br>Defendants. | 2:23-CV-11322-TGB-DRG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**<br><br>**(ECF NO. 6)** |

This is a labor dispute over delinquent contributions to benefit funds. Plaintiffs are a carpenters' union and trustees of three employee-benefit funds. Pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order and Injunctive Relief. ECF No. 6. The motion asks the Court to issue an emergency order freezing Defendants' assets, which Plaintiffs fear are being liquidated. For the reasons below, the motion will be **DENIED.**

## I. BACKGROUND

On June 2, 2023, Plaintiffs filed a complaint against United Mill & Cabinet Co. (UMCC) and its owner, Mark Boatwright, asserting claims for delinquent contributions and breach of fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., and for violation of Michigan Builder's Trust Fund Act, MCL § 570.151 et seq.

1

Plaintiffs served their summonses and complaint on Boatwright and UMCC on June 16, 2023. ECF Nos. 4 & 5. Boatwright and UMCC's responsive pleadings thus became due on July 7, 2023.

When July 7 passed without action from either Defendant, Plaintiffs submitted a flurry of filings to the Court. On July 12, 2023 they filed a Motion for a Temporary Restraining Order, which they later supplemented. ECF Nos. 6 & 7. On July 24, 2023 they asked the Clerk of the Court for entry of defaults against UMCC and Boatwright. ECF Nos. 9 & 10. Three days later, they moved for the entry of default judgments against both Defendants. ECF Nos. 11 & 12.

Boatwright and UMCC finally entered appearances on August 10, 2023. ECF Nos. 14 & 15. That same day, they submitted an opposition to Plaintiffs' motion for entry of default judgments. ECF No. 16. The parties have since been able to reach an agreement to set aside the defaults, and Plaintiffs agreed to withdraw their default-judgment motion. ECF No. 18. Defendants have yet to file a pleading responsive to the complaint. Plaintiffs' motion for a temporary restraining order remains pending.

On August 16, 2023, the Court held a telephonic status conference to determine how the parties intended to move forward and to discuss the status of Plaintiffs' request for emergency injunctive relief.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 65, the Court may enter a preliminary injunction "only on notice to the adverse party." Fed. R. Civ.

P. 65(a)(1). A temporary restraining order (TRO), not to exceed 14 days, may be entered without notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In determining whether to issue a TRO, courts consider the same four factors as they would in evaluating a motion for a preliminary injunction: (1) the movant's likelihood of success on the merits; (2) whether the movant will be irreparably harmed absent the injunction; (3) whether the injunction would harm third parties; and (4) the public interest. *McGirr v. Rehme*, 891 F.3d 603, 610 (6th Cir. 2018). But there is a heightened emphasis on irreparable harm, as TROs are considered extraordinary remedies that run against well-recognized principles requiring "reasonable notice and an opportunity to be heard [to be] granted [to] both sides of a dispute." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (internal quotations omitted).

### III. DISCUSSION

Plaintiffs' motion repeats allegations from the complaint that Defendants have failed to make timely benefit contributions. ECF No. 6, PageID.116. According to Plaintiffs, this failure harms them because

they have ongoing obligations to fund participants—they must provide coverage for medical insurance claims, for instance, and invest in retirement programs. *Id.* at PageID.116-117.

Plaintiffs' motion asks the Court to enter an order freezing Defendants' assets and requiring any funds generated through any sales of their equipment, real estate, and other property to be held in escrow. *Id.* at PageID.124. They assert that Defendants "may be in the process of listing their assets to be sold, selling their construction, tooling and materials, as well as any real property affiliated with Defendants" and otherwise "attempting to liquidate the business." *Id.* at PageID.117, 120. Plaintiffs urge that they will suffer irreparable injury if Defendants are permitted to dispose of the proceeds of such sales and liquidation without first satisfying their obligations to the funds. *Id.* at PageID.123.

As an initial matter, Plaintiffs' motion does not comply with the requirements of Federal Rule of Civil Procedure 65(b)(1). Plaintiffs did not provide the Court with "an affidavit or a verified complaint clearly show[ing] that immediate injury" will result absent emergency relief. Fed. R. Civ. P. 65(b)(1)(A). The motion is premised on an unverified worry that Defendants "*may* currently be in the process of closing [their] doors" and dissipating their assets. ECF No. 6, PageID.117 (emphasis added).

Additionally, at the telephonic status conference on August 16, 2023, Defendants represented that—although they have recently sold some equipment—they have no intention and have taken no actions to

4

liquidate their assets or wind down their business. Plaintiffs did not dispute these representations and confirmed that, since Defendants appeared in this case, Plaintiffs have been able to discuss their concerns regarding asset dissipation with Defendants and appear to be satisfied with the progress made during those discussions.

To warrant injunctive relief, "an injury must be certain, great, and actual." *Lucero v. Detroit Public Schools*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001) (Hood, J.). Based on the parties' representations at the status conference, the Court is unable to conclude that emergency injunctive relief in the drastic form of an asset freeze is warranted at this stage.[1] Plaintiffs' concerns that Defendants are liquidating their assets to circumvent efforts to collect on any later judgment that may issue in this case have apparently resolved. Moreover, the gist of Plaintiffs' complaint is that they are seeking damages in a sum certain amount.[2] *See, e.g.*, ECF No. 1, PageID.4. And harms that are compensable through money

---

[1] The Court also questions its authority to issue such relief. *See generally Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

[2] The Court acknowledges that, under 29 U.S.C. § 1132(a)(3), ERISA fiduciaries like Plaintiffs may seek "appropriate equitable relief" to enforce provisions of ERISA plans. *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Ben. Plan*, 577 U.S. 136, 142 (2016). But Plaintiffs' complaint seeks damages in "the kind of dollar amount that doesn't lend itself to injunctive relief." *Ramsey v. Formica Corp.*, 398 F.3d 421, 425 (6th Cir. 2005).

damages generally are not considered irreparable. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

## IV. CONCLUSION

For the reasons explained above, Plaintiffs' motion for a temporary restraining order and injunction is **DENIED**.

**IT IS SO ORDERED** this 18th day of August, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge